FILED
OCT 1 4 2005
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

1  THOMAS A. WILLOUGHBY (SBN: 137597)
   DOUGLAS D. KABER (SBN: 227193)
2  FELDERSTEIN FITZGERALD WILLOUGHBY &
   PASCUZZI LLP
3  400 Capitol Mall, Suite 1450
   Sacramento, CA 95814
4  Telephone: (916) 329-7400
   Facsimile: (916) 329-7435
5
   [Proposed] Attorneys for Debtor
6  AMERICAN MOULDING & MILLWORK COMPANY,
   INC.
7

8              UNITED STATES BANKRUPTCY COURT

9               EASTERN DISTRICT OF CALIFORNIA

10                   SACRAMENTO DIVISION

11

12 | In re                              | Case No. 05-34431-C-11
13 | AMERICAN MOULDING &                 | DC No.: FWP-1
   | MILLWORK COMPANY, INC.,
14 |                                     | Chapter 11
   |           Debtor.
15 |                                     | **FINDINGS OF FACT AND CONCLUSIONS OF LAW**
16 |                                     |
17 |                                     | **IN SUPPORT OF INTERIM ORDER (A) AUTHORIZING POSTPETITION**
18 |                                     | **FINANCING AND GRANTING SECURITY INTERESTS AND SUPERPRIORITY**
19 |                                     | **ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§ 361, 362, AND**
20 |                                     | **364; (B) AUTHORIZING USE OF CASH COLLATERAL; (C) MODIFYING THE**
21 |                                     | **AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362; (D) GRANTING ADEQUATE**
22 |                                     | **PROTECTION PURSUANT TO 11 U.S.C. §§ 361, 362, 363, AND 364; AND (E)**
23 |                                     | **SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**
24 |                                     | Date: October 7, 2005
   |                                     | Time: 4:00 p.m.
25 |                                     | Dept. Courtroom 28
26

27     Upon the Motion of American Moulding & Millwork Company, Inc., Debtor in the Case,

28 pursuant to sections 105, 361, 362, 363(c), 364(c)(1), 364(c)(2), 364(c)(3), and 364(d) of the

Bankruptcy Code and rules 2002, 4001(c), and 9014 of the Bankruptcy Rules, request that the Court grant certain relief and issue an order (1) authorizing Debtor to incur the Obligations in connection with the Postpetition Financing; (2) authorizing the Postpetition Liens, (3) authorizing the use of the Cash Collateral, (4) authorizing the Adequate Protection, (5) granting other relief in favor of Lender as requested in the Motion, and (6) setting of the Interim Hearing and the Final Hearing. Unless otherwise indicated, all capitalized terms herein have the meanings ascribed to such terms in <u>Exhibit A</u> attached hereto, which by this reference is made a part hereof.

Notice of the Motion, the relief requested therein, and the Interim Hearing was served by Debtor by facsimile, email, overnight delivery, U.S. mail, or such other means on the Noticed Parties. The Interim Hearing was held by this Court on October 14, 2005.

Upon the record made by Debtor before and at the Interim Hearing, including the Motion and the pleadings and papers filed with the Court relating to the Case, and good and sufficient cause appearing therefor,

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACTS AND CONCLUSIONS OF LAW:

A. <u>Petition</u>. On the Petition Date, Debtor filed the Petition. Debtor continues to operate its business and manage its assets as a debtor in possession pursuant to sections 1107(a) and 1108.

B. <u>Jurisdiction</u>. The Court has jurisdiction of this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. The Motion is a "core" proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (D), and (M). Venue of the Case and the Motion in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. <u>Notice</u>. Under the circumstances, the notice of the Motion and the Interim Hearing constitutes due and sufficient notice thereof and complies with Bankruptcy Rule 4001(c).

D. <u>Debtor's Stipulations</u>. Without prejudice to the rights of any other party in interest (but subject to the limitations thereon contained in <u>Section 4.1</u> of the Orders) Debtor admits, stipulates, and agrees that:

(1) *Prepetition Loan Agreement.* Prior to the Petition Date, Borrower was a party to the Prepetition Loan Agreement and other Prepetition Loan Documents pursuant to which Prepetition Lender made and Borrower received loans, advances, and other credit accommodations, and Borrower was obligated to Prepetition Lender for the Prepetition Obligations;

(2) *Prepetition Obligations Amount.* As of the Petition Date, the Prepetition Obligations (a) was not less than the amount of $9,784,323.42 [MSM], plus interest accruing on such amounts including interest and fees, costs, expenses, and other charges accrued, accruing, or chargeable with respect thereto, (b) constitute legal, valid, and binding obligations of Debtor, and (c) are not subject to any offset, defense, counterclaim, avoidance, or subordination pursuant to the Code or any other applicable law;

(3) *Prepetition Collateral.* As of the Petition Date, (a) the Prepetition Obligations were secured pursuant to the Prepetition Loan Documents by the Prepetition Liens, (b) the Prepetition Liens constitute valid, perfected, enforceable, and unavoidable first and senior priority security interests and liens in and upon the Prepetition Collateral, and (c) the value of the Prepetition Collateral is in excess of the amount of the Prepetition Obligations; and

E. Findings Supporting the Postpetition Financing.

(1) *Postpetition Financing.* Debtor has requested the Postpetition Financing from Lender, and Lender is willing to provide the Postpetition Financing upon the findings of fact and conclusions of law made herein and upon the terms and conditions of the Loan Documents;

(2) *Need for Postpetition Financing.* Debtor does not have sufficient available sources of working capital to operate its business in the ordinary course of business without the Postpetition Financing. Debtor's ability to maintain business relationships with its vendors, suppliers, and customers, to pay its employees, and to otherwise fund its operations, is essential to Debtor's continued viability through the date of the Final Hearing. The ability of Debtor to obtain sufficient working capital and liquidity through the incurrence of new indebtedness for borrowed money through the date of the Final Hearing is vital to the

preservation and maintenance of the going concern values of Debtor and to avoid immediate and irreparable harm to Debtor's Estate pending the Final Hearing. Accordingly, Debtor has an immediate need to obtain the Postpetition Financing in order to permit, among other tasks, the orderly continuation of the operation of its businesses, to minimize the disruption of its business operations, and to manage and preserve the assets of its Estate;

(3) *No Credit Available on Other Terms*. Debtor is unable to procure the same amount of financing as contemplated in the Postpetition Financing in the form of unsecured credit allowable under section 503(b)(1), as an administrative expense under section 364(a) or (b), or in exchange for the grant of an administrative expense priority pursuant to section 364(c)(1) without the grant of senior priority liens on its assets pursuant to section 364(c)(2) and 364(d). Debtor has been unable to procure the necessary financing on a timely basis on terms more favorable than the Postpetition Financing; and

(4) *Business Judgment and Good Faith Pursuant to Section 364(e)*. The terms of the Postpetition Financing as provided in the Loan Documents are fair, just, and reasonable under the circumstances, are ordinary and appropriate for secured financing to a debtor in possession, reflect Debtor's exercise of its prudent business judgment consistent with its fiduciary duties, and are supported by reasonably equivalent value and fair consideration. The terms of the Postpetition Financing as provided in the Loan Documents have been negotiated in good faith and at arms' length by and between the parties, with all parties represented by counsel. Any credit extended under the terms of the Loan Documents shall be extended in good faith by Lender as that term is used in section 364(e).

F. <u>Adequate Protection</u>. Debtor acknowledges and admits that the Cash Collateral constitutes "cash collateral" of Lender within the meaning of section 363(a). Pursuant to sections 361 and 363(e), Prepetition Lender are entitled to adequate protection of their interests in the Prepetition Collateral in connection with Debtor's use of the Cash Collateral, the Postpetition Financing and the imposition of the automatic stay. Prepetition Lender reserves all rights with respect to whether the Adequate Protection provides sufficient "adequate protection" within the meaning of section 361 of each such party's interests in the Collateral.

G.  *Adequate Protection of Prepetition Secured Party.

H.  Good Cause.  The Postpetition Financing and relief requested in the Motion are necessary, essential, and appropriate and are in the best interest of and will benefit Debtor, its creditors, and its Estate as its implementation will, among other effects, provide Debtor with the necessary liquidity (a) to minimize disruption to Debtor's business and on-going operations, (b) to preserve and maximize the value of Debtor's Estate for the benefit of all creditors of Debtor, and (c) to avoid immediate irreparable harm to Debtor, its creditors, its business, its employees, and its assets.

I.  Immediate Entry.  Sufficient cause exists for immediate entry of this Order pursuant to Bankruptcy Rules 4001(c)(2).  Objections, if any, that were made are hereby overruled.

J.  Nature of Findings and Conclusions.  If any of the forgoing findings of fact are more properly characterized as conclusions of law, such purported findings are deemed to be conclusions of law, and if any of the forgoing conclusions of law are more properly characterized as findings of fact, such purported conclusions of law are deemed to be findings of fact.  Any findings of fact or conclusions of law contained in the Financing Orders are hereby incorporated herein by this reference.

Dated: October 14, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## DEFINED TERMS AND RULES OF CONSTRUCTION

EXHIBIT A

DEFINED TERMS AND RULES OF CONSTRUCTION

1.  Adequate Protection. The Postpetition Adequate Protection Liens and other liens, claims, rights, and interests granted or authorized in favor of Lender each Secured Party pursuant to the Financing Orders.

2.  Adverse Action. (a) An assertion or joinder in any claim, counter-claim, action, proceeding, application, motion, objection, defense, or other contested matter seeking any order, judgment, determination, or similar relief: (i) challenging the legality, validity, priority, perfection, or enforceability of the Obligations or the Postpetition Lender Liens, (ii) invalidating, setting aside, avoiding, or subordinating, in whole or in part, the Obligations or the Postpetition Liens, or (iii) preventing, hindering, or delaying any Lender Party's assertion or enforcement of the Postpetition Lender Liens or realization upon any Collateral, (b) the commencement or prosecution of any action or proceeding of any claims, causes of action, or defenses against Lender any Lender Party or any of its their respective officers, directors, employees, agents, attorneys, affiliates, assigns, or successors, including without limitation any attempt to recover an Avoidance Claim from Lender any Lender Party, or (c) any act that could materially adversely modify or compromise the rights and remedies Lender each Lender Party, or that could be contrary to any term or condition set forth in or acknowledged by the Loan Documents or this Order.

3.  Allowable 506(b) Amounts. All fees, costs, expenses, interest, and other charges due or coming due in connection with or arising under the Prepetition Loan Documents and/or with respect to the Prepetition Obligations to the extent allowable under section 506(b), including all reasonable out-of-pocket filing and recording fees, attorneys' and paralegals' fees and expenses, external and internal audit fees and expenses, closing fees, unused facility fees, letter of credit fees, collateral management fees, yield maintenance fees, anniversary fees, and all other fees, costs, and expenses incurred by Lender Lenders under the Prepetition Loan Documents with respect to the Prepetition Obligations, including such fees, costs, and charges incurred in connection with: (a) the negotiation, preparation, and submission of the Findings of Fact and the Financing Orders and any other order or document related hereto; and (b) the representation of Lender in and in connection with the Case.

4.  Allowed Professional Fees. Subject to the terms and conditions of this Order, the unpaid and outstanding reasonable fees and expenses actually incurred by Professionals on or after the Petition Date and approved by an order of the Court (that is not subject to any stay or injunction) pursuant to section 326, 328, 330, or 331.

5.  Avoidance Claims. Claims, actions, and causes of action under sections 502(d), 542, 544, 547, 548, 549, 550, or 551, and proceeds relating thereof or arising therefrom.

6. <u>Bankruptcy Code</u>. The United States Bankruptcy Code (11 U.S.C. § 101 et seq.), as amended, and any successor statute. Unless otherwise indicated, all statutory section references in the Findings of Fact and the Financing Orders are to the Bankruptcy Code.

7. <u>Bankruptcy Rules</u>. The Federal Rules of Bankruptcy Procedure, as amended, and any successor statute.

8. <u>Borrower</u>. American Moulding & Millwork Company, Inc., a Delaware corporation, as it existed prior to the Petition Date.

9. <u>Budget</u>. The budget attached to this Order as <u>Exhibit C</u> as amended, modified or supplemented from time to time, for additional amounts or additional periods, all as may be agreed to by Lender Agent from time to time.

10. <u>Case</u>. The above-captioned chapter 11 case or any superseding chapter 7 case of Debtor.

11. <u>Cash Collateral</u>. (a) "Cash collateral," as that term is defined in section 363(a), in which Lender has, or any person holding a Permitted Lien has an interest, (b) all deposits subject to setoff rights in favor of Lender, and (c) all cash arising from the collection or other conversion to cash of the Collateral, including from the sale of inventory and the collection of accounts receivable.

12. <u>Collateral</u>. All of Borrower's and Debtor's right, title, and interest in presently existing and after acquired and irrespective of prepetition agreements, arrangements, and understandings, tangible and intangible assets and real and personal properties, of any description whatsoever, wherever located and whenever arising or acquired, including all cash, accounts, inventory, equipment, fixtures, chattel paper, general intangibles (excluding (a) Avoidance Claims and proceeds thereof and (b) Debtor's interests as a tenant in unexpired leases for real property, but not any proceeds relating to or associated with an assignment, termination, or disposition of such lease interests by Debtor) and cash including cash held by third parties as unearned deposits and/or retainers (subject to application of such deposits and retainers by such third parties) whether known or unknown and whether acquired prior to, existing as of, or after the Petition Date, including without limitation "<u>Collateral</u>" as that term is defined and used in the Loan Agreement, and the rents, issues, profits, products, and proceeds thereof, whether tangible or intangible, of any of the foregoing, including proceeds of insurance relating to any of the foregoing.

13. <u>Collateral Agreements</u>. Those certain agreements of various dates between Borrower and/or Debtor, certain other parties that may have an interest or claim in the Collateral, and Lender, providing for, among other purposes, an agreement as to the rights and interests of the parties thereto with respect to the Collateral that is the subject thereof, including without limitation, agreements with respect to the recognition and perfection of the interests of the Lender in the Collateral held by depository institutions (deposit account control agreements), credit card

processors, collectors, or facilitators (merchant payment agreements), and cash transport service providers (armored car agreements).

14. Committee. Any official committee appointed in the Case pursuant to section 1102.

15. Creditors' Committee. The Committee representing the unsecured creditors in the Case.

16. Debtor. Borrower, as a debtor and debtor in possession under chapter 11 of the Bankruptcy Code in the Case.

17. Financing Order Default. The occurrence of any one or more of the following: (a) A breach or default under any term of any Financing Order; (b) any attempt to seek authority for the use of Cash Collateral other than as authorized by the Financing Orders without Lender's Agent's consent; (e) any attempt to seek authority to incur debt secured by a lien with priority equal to or superior to the Postpetition Lender Liens or which is given superiority administrative expense status under section 364(c), without Lender's Agent's consent; (f) any attempt to seek approval of a sale of all or part of the Collateral on terms unacceptable to Lender Agent out of the ordinary course of Debtor's business pursuant to section 363; (g) the removal or departure of any individual who is one of the key managers of Debtor; (h) the filing by Debtor of a chapter 11 plan of reorganization or pleading in support of such a plan that is not acceptable to Lender Agent; (i) this Case is converted to a case under chapter 7 of the Bankruptcy Code; or (l) a trustee is appointed or elected in this Case, or an examiner with the "expanded powers" is appointed in this Case.

18. Emergency Order. Emergency Order (A) Authorizing Postpetition Financing and Granting Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 361, 362, and 364; (B) Authorizing Use of Cash Collateral; (C) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (D) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001, enter on October 7, 2005.

19. Estate. All interests of Debtor in property pursuant to section 541(a).

20. Event of Default. The occurrence of any event as set forth in Section 3.1 of this Order.

21. Final Hearing. The final hearing on the Motion conducted in accordance with Bankruptcy Rule 4001(c)(2).

22. Final Order. A final order pursuant to Bankruptcy Rule 4001(c)(2) granting the relief and authorizations requested in the Motion entered at or in connection with the Final Hearing, in form and substance acceptable to Lender.

23. <u>Financing Orders</u>. Collectively and each individually, the Emergency Order, Interim Order and the Final Order.

24. <u>Findings of Fact</u>. Findings of Fact and Conclusions of Law in Support of Interim Order / Final Order (A) Authorizing Postpetition Financing and Granting Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 361, 362, and 364; (B) Authorizing Use of Cash Collateral; (C) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (D) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364; and (E) Scheduling a Final Hearing Pursuant To Bankruptcy Rule 4001, made by the Court in the Case in relation to the Financing Orders.

25. <u>507(b) Claim</u>. An unsecured claim with the priority in payment afforded by section 507(b) to the extent of any deficiency in a Postpetition Adequate Protection Lien, provided that with respect to proceeds of Avoidance Claims, an unsecured claim with the priority in payment afforded by section 503(b) pari passu with all other holders of allowed unsecured claims with the priority in payment afforded by section 503(b).

26. <u>Interim Hearing</u>. The interim hearing on the Motion conducted in accordance with Bankruptcy Rule Bankr. P. 4001(c)(2).

27. <u>Lender</u>. Wells Fargo (to the extent Lender actually provides Postpetition Financing) Business Credit or its nominee, successor, or assignee.

28. <u>Lender Charges</u>. All fees, costs, expenses, interest at a non-default or default rate, and other charges arising under or in connection with the Loan Documents (regardless of whether such fees, costs, interests, and other charges are included in the Budget), including all commissions, letter of credit fees, servicing fees, unused line fees, letter of credit fees, collateral management fees, yield maintenance fees, anniversary fees, closing fees, documentation fees, monitoring fees, commitment fee, postpetition facility fee, out-of-pocket filing and recording fees, attorneys' and paralegals' fees and expenses (including without limitation attorneys fees and costs relating to the preparation, negotiation of the Loan Documents and the representation of the interests of Lender in connection with any and all aspects and proceedings of the Case), external and internal audit fees and expenses, and all other costs and expenses incurred by Lender.

29. <u>Lender Rights</u>. Any of the interests, claims, rights, remedies, and/or privileges in favor of any Lender provided or acknowledged in any Loan Document or Financing Order.

30. <u>Loan Agreement</u>. That certain Amended and Restated Credit and Security Agreement, dated as of October 14, 2005, as amended, modified, supplemented, and/or restated from time to time. A copy of the Loan Agreement as it exists as of the date hereof is attached hereto as <u>Exhibit B</u>.

31. <u>Loan Documents</u>. The Loan Agreement, the Emergency Order the Interim Order, the Final Order, and documents constituting "<u>Loan Documents</u>" as that term is

defined and used in the Loan Agreement, and certain other agreements, documents, and instruments executed and/or delivered with, to, or in favor of Lender, including without limitation, security agreements, notes, guarantees, mortgages, and financing statements, and all other related agreements, documents, and instruments executed and/or delivered in connection therewith or related thereto, as each such document may have been amended, modified, supplemented, and/or restated from time to time.

32. Maximum Amount. "Maximum Amount" as such term is defined and used in the Loan Agreement.

33. Motion. The Motion for Interim Final Order (A) Authorizing Postpetition Financing And Granting Security Interests And Superpriority Administrative Expense Status Pursuant To 11 U.S.C. §§ 361, 362, And 364; (B) Authorizing Use Of Cash Collateral; (C) Modifying The Automatic Stay Pursuant To 11 U.S.C. § 362; (D) Granting Adequate Protection Pursuant To 11 U.S.C. §§ 361, 362, 363, And 364; And (E) Scheduling A Final Hearing Pursuant To Bankruptcy Rule 4001 filed in the Case on or about October __, 2005.

34. Professionals. Attorneys, accountants, investment banks, consultants, brokers, and other professionals retained under section 327 or 1103(a) by Debtor or any Committee.

35. Non-Material Amendment. Any amendment, modification, supplement, or waiver that does not directly operate to (a) increase the rate of interest or aggregate sum of Lender Charges other than as currently provided in the Loan Documents, (b) add specific new Events of Default, (c) enlarge the nature and extent of remedies available to Lender following an Event of Default, or (d) modify any term or condition in any Loan Document in a manner materially less favorable to Debtor in the good faith judgment of Lender and Debtor.

36. Noticed Parties. (a) counsel to Lender, (b) the United States Trustee, the 20 Largest Unsecured Creditors (excluding Professional Fees) incurred by any trustee hereafter appointed in the Case and approved and allowed by the Court).

37. Obligations. All indebtedness and obligations owed by Debtor to Lender incurred on or after the Petition Date relating to, arising under, or in connection with the Postpetition Financing and the Lender Charges, whether pursuant to this Order or otherwise, of every nature and however arising, absolute or contingent, direct or indirect.

38. Perfection Act. Any act required under federal, state, or local requirements or law requiring notice, filing, registration, recording, or possession of the Collateral or other act to validate or perfect a security interest or lien including without limitation control agreements with a financial institutions holding a blocked account, lockbox account, or other depository or bank account, deposit account control agreements, merchant payment agreements, merchant payment direction letters, cash transport agreements, and such other agreements with any party

possessing or asserting an interest in Collateral or accounts consisting of Collateral.

39. Permitted Liens. Liens and interests existing as of the Petition Date in and to the Prepetition Collateral in favor of persons or entities other than Lender that are that are senior in priority to the interests in favor of Lender existing as of the Petition Date, and which are: (i) not subordinated in priority, whether under section 510 or by contract, at law, or in equity, as to any obligation or Lien in favor of Lender, (ii) valid, properly perfected, and enforceable as of the Petition Date, (iii) secure obligations that remain outstanding and valid; (iv) not subject to any claims, counterclaims, defenses, setoffs, recoupment, or deduction, and (v) not subject to avoidance or subordination pursuant to any provisions of the Bankruptcy Code or any other applicable law or otherwise.

40. Permitted Liens and Claims. Permitted Liens and the compensation and expense reimbursement (excluding Professional Fees) incurred by any trustee hereafter appointed in the Case and approved and allowed by the Court.

41. Petition. The voluntary petition filed by Debtor under chapter 11 of the Bankruptcy Code, commencing the Case.

42. Petition Date. The date Debtor filed the Petition, October 6, 2005.

43. Postpetition Adequate Protection Liens. Liens in the Collateral intended as adequate protection for any diminution in the value of Lender's interest in the Collateral (associated with use of Lender's Cash Collateral) pursuant to sections 361(a) and 363(e).

44. Postpetition Collateral. All Collateral arising after the Petition Date.

45. Postpetition Financing. All loans, advances, and other financial and credit accommodations provided by Lender to Debtor pursuant to the terms and conditions of the Loan Documents.

46. Postpetition Financing Lien. Liens in favor of Lender in the Collateral as security for the Obligations pursuant to sections 364(c)(2) and (c)(3).

47. Postpetition Lender Liens. Collectively and individually, the Postpetition Financing Lien and the Postpetition Adequate Protection Lien in favor of Lender.

48. Postpetition Liens. Collectively and individually, the Postpetition Lender Liens and the Postpetition Adequate Protection Liens.

49. Prepetition Claim Objection. Any objection or defense that seeks any setoff, recoupment, counterclaim, deduction, or claim against the Prepetition Obligations or challenges the legality, validity, perfection, enforceability, priority or otherwise seeks to avoid the Prepetition Lien, or seeks against Lender, or any of its agents, officers, directors, employees, attorneys, professionals, successors, and assigns and

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

claim or cause of action related to or arising out of the Prepetition Loan Documents.

50. <u>Prepetition Collateral</u>. All of the "<u>Collateral</u>" (as that term is defined in the Prepetition Loan Agreement) existing as of the Petition Date, and all rents, issues, profits, proceeds, and products thereof.

51. <u>Prepetition Liens</u>. The security interests and liens in favor of Prepetition Lender encumbering the Prepetition Collateral.

52. <u>Prepetition Lender</u>. Lender, as a party to the Prepetition Loan Agreement, or its designee, successor or assignee.

53. <u>Prepetition Letter of Credit Guaranties</u>. Prepetition Obligations relating to "Letter of Credit Guaranties" as defined in the Prepetition Loan Agreement, issued and outstanding as of the Petition Date.

54. <u>Prepetition Loan Agreement</u>. That certain Loan and Security Agreement, dated as of November 7, 2005, between Borrower and Prepetition Lender, as such document may have been amended, modified, supplemented, and/or restated from time to time.

55. <u>Prepetition Loan Documents</u>. The Prepetition Loan Agreement and documents constituting "<u>Loan Documents</u>" as that term is defined in the Prepetition Loan Agreement , and certain other agreements, documents, and instruments executed and/or delivered with, to, or in favor of Prepetition Lender, including without limitation the Intercreditor Agreement, security agreements, notes, guarantees, mortgages, and financing statements and all other related agreements, documents, and instruments executed and/or delivered in connection therewith or related thereto, as each such document may have been amended, supplemented, and/or restated from time to time.

56. <u>Prepetition Obligations</u>. (a) All indebtedness or obligations under the Prepetition Loan Documents as of the Petition Date, including all fees, costs, interest, and expenses (including an early termination fee up to the amount of $9,784,323.42 that was, as of the Petition Date, due and payable pursuant to the Prepetition Loan Documents) Obligations existing as of the Petition Date.

57. <u>Professionals</u>. Attorneys, accountants, investment bankers, consultants, brokers, and any other professional, person, or entity retained under section 327 or 1103(a) by Debtor or any Committee, or entitled to payment of compensation or reimbursement of expenses by Debtor or its Estate.

58. <u>Releases</u>. The release of certain claims and defenses by Debtor as against Lender and such other parties as set forth in the Loan Agreement.

59. <u>Superpriority Claim</u>. The unsecured claim in favor of Lender in the amount equal to all Obligations not otherwise secured by sufficient Collateral and with the

7

priority in payment afforded pursuant to section 364(c)(1) as provided in <u>Section 2.2</u> of this Order.

60. <u>Termination Event</u>. The occurrence of a "Termination" the "Maturity Date" as defined and used in the Loan Agreement or any other event that results in the termination or expiration of Debtor's authority or ability to borrow the Postpetition Financing or Lender's commitment to provide the Postpetition Financing.

61. <u>Trustee</u>. Any trustee or other person or entity appointed or elected in the Case to administer or manage Debtor or its affairs or assets, whether in whole or in part, pursuant to sections 524, 702, 1102, or otherwise.

62. <u>20 Largest Unsecured Creditors</u>. The holders of unsecured claims identified on the List of Creditors Holding the 20 Largest Unsecured Claims filed in the Case.

63. <u>United States Trustee</u>. United States Trustee for the Eastern District of California.