

FILED

MAR 1 4 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

THOMAS A. WILLOUGHBY, State Bar No. 137597
FELDERSTEIN FITZGERALD WILLOUGHBY &
PASCUZZI LLP
400 Capitol Mall, Suite 1450
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435

Attorneys for American Moulding and Millwork Company,
Debtor in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>AMERICAN MOULDING AND<br>MILLWORK COMPANY,<br><br>        Debtor-In-Possession.<br><br>Tax ID #75-2161329 | CASE NO. 05-34431-C-11<br><br>DCN:   FWP-25<br><br>Date:   March 14, 2006<br>       Time:  9:30 a.m.<br>       Crtrm:  35 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF
ORDER AUTHORIZING DEBTOR TO SELL REAL
PROPERTY FREE AND CLEAR OF LIENS**

The motion of American Moulding & Millwork Company, the debtor and debtor-in-

possession in the above referenced case (the "Debtor") for authority to sell the certain property of

the bankruptcy estate[1] (the "Stockton Property") to MCD-West Lane, LLC or its designee

("Buyer") for the sum of $7,850,000 in accordance with the terms of the asset purchase

agreement executed on or about February 7, 2006, which is attached as Exhibit 1 (the

"Agreement") to the Order Authorizing Debtor to Sell Real Property Free and Clear of Liens,

entered herewith (the "Order") free and clear of liens and interests and for other relief (the

"Motion") came on for hearing on March 14, 2006, at 9:30 a.m. (the "Sale Hearing"). The

Debtor appeared by and through its attorney of record Thomas A Willoughby of Felderstein

---

[1] Approximately 63.67 acres of real property located in the County of San Joaquin, State of
California, described as APN Parcel Nos. 117-090-01, 117-090-13 117-090-14, 125-360-04, and
127-212-15 including (i) the buildings, (ii) the fixtures attached to and needed for the operation of
the buildings, (iii) the lighting, HVAC, electrical panels and transformers, sprinkler systems and
pumps and other fire suppression equipment, the water storage tanks and pumps, (iii) all rights
appurtenant to the property such as easements and access rights, and (iv) the lease for access over
railroad property with the Union Pacific Railroad Company

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

429

Fitzgerald Willoughby & Pascuzzi, LLP.  All other appearances were noted on the record.
Having given due consideration to the Motion, the declarations and other evidence submitted in
support of the Motion, any opposition and/or response filed, the record and proceedings in the
above-captioned case, any stipulations recited in open court, the arguments of counsel and other
interested parties at the hearing, and for other good cause shown, the Court hereby finds, as a
matter of fact, and concludes, as a matter of law as provided under Federal Rules of Bankruptcy
Procedure[2] 7052 and 9014, in addition to any findings and conclusions stated orally on the record,
as follows:

1.      On October 6, 2005, the Debtor filed a petition under chapter 11, of the United
States Bankruptcy Code (the "Petition Date").

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334 to approve the
sale of the Stockton Property free and clear of  (1) Any ownership interests of the Debtor, and its
predecessors and successors in interest; (2) Any and all unrecorded liens interests or
encumbrances, including but not limited to any: (a) unrecorded rights of parties in possession of
the Stockton Property by reason an any unrecorded lease or rental agreement; (b) any easement
not disclosed by those public records with impart constructive notice and which are not visible
and apparent from an inspection of the surface of the Stockton Property; and/or (c) any
unrecorded security interests, judgment liens or claims against the Stockton Property of any kind
(the "Unrecorded Liens' Interests or Encumbrances"); (3) The claims or interests asserted by any
person or entity, or their respective predecessors and successors in interest, against the Estate
which do not constitute liens against or interests in the Property; (4) The claims or interests
asserted by any person or entity, or their respective predecessors and successors in interest,
evidenced by the liens, encumbrances and interests of record set forth below: (5) The Deeds of
Trust of Wells Fargo Bank ("Wells Fargo Deed of Trust"), which are reflected as exceptions No.
24 and 25 on the Preliminary Title Report, which was attached as Exhibit 4 to the Exhibit
Document, filed in support of the Motion (the "Preliminary Title Report"); (6) The Easement

_____

[2]  All subsequent references to the Federal Rules of Bankruptcy Procedure herein shall be to the
"Bankruptcy Rules."

1  dated 1987 granting American Forest Products Company an easement for pedestrian and

2  vehicular ingress and egress for a term of ten years, which is set forth as Exception No. 21 on the

3  Preliminary Title Report; (7)The purchase agreement recorded by Aegis Alpine LLC ("Aegis

4  Purchase Agreement"); which is set forth as Exception No. 23 to the Preliminary Title Report; (8)

5  The mechanics lien recorded by Scott McElhinnie on or about February 1, 2006, but which was

6  not shown on the Preliminary Title Report (the "Mechanics Lien"); and to authorize the Debtor

7  on behalf of the estate in the above-captioned case (the "Estate") to enter into and perform in

8  accordance with the Agreement.

9       3.     The motion is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (N), and

10  (O).  The statutory predicates for the relief requested in the Motion are 11 U.S.C. § 363, and

11  Bankruptcy Rules 2002, 6004 and 9014.

12       4.     All objections, if any, to the Motion and to the approval of the Agreement,

13  including the transactions contemplated thereby, have been withdrawn, resolved, or overruled.

14       5.     The Property is situated in the County of San Joaquin County, State of California,

15  described more fully in Exhibit A to the Agreement.

16       6.     Record title to the Property is vested in the Debtor (the "Record Owner").

17       7.     As set forth in the declarations of service filed with this Court in connection with

18  the Motion, notice of the hearing on the approval of the Motion (the "Notice") was duly served on

19  (a) the Debtor and its counsel, (b) all creditors and interested parties, including parties requesting

20  special notice, (c) each entity known to the Debtor to assert a lien, encumbrance or other interest

21  in, or claim to, the Property that is affected by the Order on the Motion, and (d) the Office of the

22  United States Debtor, all in accordance with applicable Bankruptcy Rules 2002(a)(2), 2002(c)(1),

23  2002(i), 2002(k), 6004(a) and 6004(c).  Each entity known to the Debtor to assert a lien,

24  encumbrance, claim or other interest in or to the Property that is affected by the Order on the

25  Motion was also served with a complete copy of the Motion, and all supporting declarations and

26  pleadings filed by the Debtor in connection with the Motion.

27       8.     The Notice (1) complied in all respects with the requirements of the Bankruptcy

28  Code and the Bankruptcy Rules; (2) fully and adequately described the relief requested in the

-3-

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

Motion and set forth the means by which the Motion, and all supporting declarations and pleadings filed by the Debtor in connection with the Motion, could be obtained promptly by a party in interest; (3) provided fair and reasonable notice under the circumstances of this case with respect to deadlines and procedures for objecting to the relief requested in the Motion; and (4) set forth the time, date and place for the hearing on the Motion.

9.     The proposed sale does not entail a sale of all or substantially all of the Debtor's assets that existed as of the Petition Date.

10.     The Property is subject to the liens, encumbrances and other interests of record that were set forth in the preliminary report/title commitment (the "Title Report") issued by First American Title, which was attached as Exhibit 4 to the Exhibit Document filed in support of the Motion; including the following:

a.     The Deeds of Trust of Wells Fargo Bank ("Wells Fargo Deed of Trust"), which are reflected as exceptions No. 24 and 25 on the Title Report;

b.     The Easement dated 1987 granting American Forest Products Company an easement for pedestrian and vehicular ingress and egress for a term of ten years, which is set forth as Exception No. 21 on the Title Report;

c.     The purchase agreement recorded by Aegis Alpine LLC ("Aegis Purchase Agreement"); which is set forth as Exception No. 23 to the Title Report; and

d.     Various secured real property taxes and assessments.

11.     In addition to the recorded liens detailed in paragraph 10 above, after the filing of the Motion, the Debtor discovered that a mechanics lien was recorded by Scott McElhinnie (the "Mechanics Lien") on or about February 2, 2006. The Debtor amended its Motion to request that the Court approve the sale free and clear of the Mechanics Lien on or about February 28, 2006, and notice of the amendment was duly served on Mr. Scott McElhinnie. Sufficient notice was given to Mr. McElhinnie to appear and contest the Motion. Mr. McElhinie did not appear and contest the Motion.

12.     Within the meaning of 11 U.S.C. §363(f)(3), the purchase price of the Property is greater than the aggregate value of all liens on the Property.

-4-

13.     Within the meaning of 11 U.S.C. §363(f)(4), the interests of American Forest Products Company, and the Aegis Purchase Agreement are subject to bona fide dispute based on the following:

a.     With respect to the recorded easement in favor of American Forest Products Company, as set forth in the Title Report, the easement was limited to a term of ten (10) years and more than ten (10) years have passed since the recordation of this easement, as such, its continued validity is in bona fide dispute;

b.     With respect to the Aegis Purchase Agreement, the Aegis Purchase Agreement was rejected pursuant to an Order entered by this Court on or about February 17, 2006, and as such it is in bona fide dispute;

c.     With respect to the Mechanics Lien, such Mechanics Lien was recorded more than ninety (90) days after the Petition Date, and the Debtor asserts that the post-petition recordation was either a violation of the automatic stay and/or untimely under California State Law, and as such, not a valid lien, and as such it is in bona fide dispute;

d.     And, with respect to the Unrecorded Liens' Interests or Encumbrances, the Debtor disputes such liens and interests because even if they existed, they would be subject to avoidance under the strong arm powers of 11 U.S.C. § 544.

14.     All taxes and assessments that are secured claims against the Stockton Property and are due and payable upon transfer are entitled to immediate payment out of the proceeds of the escrow.

15.     Except as specified in the Agreement, the Buyer is acquiring the Stockton Property in its "AS IS" condition, with all faults, if any, and without any warranty, express or implied.

16.     The Debtor has engaged in fair and reasonable marketing, advertising and other sale efforts and procedures in connection with the sale of the Property, which efforts and procedures have enabled the Estate to obtain a fair and reasonable price for the Property under the circumstances of this case.  In connection with the proposed sale, the Debtor has complied with all sale procedures established or required by this Court.

17.     The highest and best offer to purchase the Property was the one received from

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

1  Buyer to purchase the Property for a purchase price of $7,850,000.00on the terms and conditions

2  set forth in the Agreement, including the following modifications thereto as set forth on the

3  record at the time of the hearing on the Motion.

4      18.    The terms and conditions of the sale transaction as provided for in the Agreement

5  are fair and reasonable; entry into the Agreement on behalf of the Estate is a sound exercise of the

6  Debtor's reasonable business judgment; and, the sale transaction contemplated by the Agreement

7  is in the best interests of the creditors, interest holders and the Estate.

8  Dated:  03/14/06

9

10      UNITED STATES BANKRUPTCY COURT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FINDINGS OF FACT AND
CONCLUSIONS OF LAW